LAW OFFICE OF KEN SCHNEIDER, PS        The Honorable Marc Barreca
2015 33rd Street                                        United States Bankruptcy Judge
Everett, WA 98201
(425) 258-2704

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| In re | ) | IN PROCEEDINGS UNDER CH. 7 |
| | ) | |
| JOHN GOOD and | ) | NO. 16-15265 |
| JANICE GOOD | ) | |
| | ) | RESPONSE TO OBJECTION TO |
| | ) | HOMESTEAD EXEMPTION AND |
| Debtor(s) | ) | MOTION FOR SANCTIONS |
| | ) | |

The debtors, through their attorney hereby respond to the trustee's Objection to Homestead Exemption and Motion for Sanctions.

The Trustee had a transcript of the 341 meeting prepared. See, Declaration of Michael Klein, Document 79, Exhibit C. At the 341 meeting the debtors testified that they had not lived in the house since April of 2017. In response Mr. Klein made the statement "So then you can't have a homestead if you're not living there." Exhibit C page 7-8. The debtors' attorney then states "If Mr. Klein sells the property and gets money out of it, you can't exempt that. That would go to creditors." Exhibit C page 8. To which Mr. Good replies "It is what it is". Exhibit C page 8. The Trustee did not object to the debtors claimed exemptions and proceeding to list their house for sale.

1. The period for objecting to the debtors' homestead exemption has expired.

BR 4003 "(1) Except as provide in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is conclude or within 30 days after any amendment to the list or supplemental

RESPONSE TO OBJECTION TO                LAW OFFICE OF KEN SCHNEIDER, P.S.
HOMESTEAD EXEMPTION AND                2015 33RD STREET
MOTION FOR SANCTIONS - 1                    EVERETT, WA 98201  (425) 258-2704

schedules is filed, whichever is later." The Trustee's report on July 12, 2017 reads "The trustee of this estate reports that the meeting of creditors was concluded and the trustee is investigating the existence and location of property of the estate not subject to exemptions or security interest". The period for objecting to the debtors claimed exemptions expired on August 10, 2017, 30 days after conclusion of the 341 meeting.

It does not matter that the debtors may not have been entitled to the homestead exemption. The Trustee's objection to the debtors' claimed homestead exemption of $125,000.00 should be denied. If the trustee fails to object within the time set out in Rule 4003(b) the trustee cannot contest the exemption, whether or not the debtor had a colorable statutory basis for the exemption. *Taylor v. Freeland & Kronz*, 503 U.S. 636, 112 S.Ct. 1644 (1992).

2. The facts at the time of filing determine the debtors' entitlement to exemptions.

The debtors were residing in the property on the date they filed Chapter 13, which entitled them to the claimed homestead exemption of $125,000.00. In April 2017 they moved out of the property. The case was converted to Chapter 7 on June 15, 2017. The Trustee asserts they were no longer entitled to the homestead exemption because they did not live in the property.

This exact issue was addressed in *In re Kurceris*, 557 B.R. 6 (Bankr. E.D. Mass. 2016). The court stated, "When read together, §522(b)(3)(A) and §348(a) appear to mandate that a debtor's eligibility for exemptions under §522(b)(3) is determined as of the petition date." The court goes on to state "the case law has not been uniform when addressing the effect of chapter conversion on a debtor's entitled to exemptions and how to deal with postpetition but pre-conversion changes in either the applicable state exemption law or the facts affecting a debtor's entitlement

RESPONSE TO OBJECTION TO
HOMESTEAD EXEMPTION AND
MOTION FOR SANCTIONS - 2

LAW OFFICE OF KEN SCHNEIDER, P.S.
2015 33RD STREET
EVERETT, WA 98201 (425) 258-2704

Case 16-15265-MLB    Doc 91    Filed 02/12/18    Ent. 02/12/18 14:26:00    Pg. 2 of 6

to exemptions." *Id*. at 11.

In 1994, Congress amended the Bankruptcy Code in a manner the eliminated the equitable underpinnings of cases that applied the facts at the date of conversion. *Id*. at 13. The amendment thus clarifies the property to be included in the debtor's post-conversion Chapter 7 estate. Because of the amendment, concerns of *In re Winchester* 46 B.R. 492 (9th Cir. BAP 1984) and *In re Alderman* 195 B. R. 106 (9th Cir. BAP 1996) as to after-acquired property have been resolved. *In re Weed*, 221 B.R. 256 (Bankr. D. Nev. 1998). The exemptions are determined on the date of filing, not the date of conversion. The debtors resided in the property when they filed their case and were entitled to the $125,000.00 homestead exemption.

3. The debtors should be allowed to amend their exemptions to claim the available wildcard exemption if their homestead exemption is denied.

At the time of conversion, assuming that they were entitled to a homestead exemption, the debtors did not amend their exemptions. If they had amended their exemptions they could have claimed exemptions available under the wildcard of approximately $25,000.00. If the court denies their homestead exemption, the debtors should be allowed the opportunity to amend their exemptions and claim the available wildcard exemption.

4. The debtors have not done anything that would support Mr. Klein's request for sanctions.

Mr. Klein states in his motion for sanctions that "By claiming a homestead exemption now not supported by any facts and contrary to the debtors' testimony under oath, the undersigned is entitled to sanctions as set forth under Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor*, the debtor claimed an exemption in property

RESPONSE TO OBJECTION TO
HOMESTEAD EXEMPTION AND
MOTION FOR SANCTIONS - 3

LAW OFFICE OF KEN SCHNEIDER, P.S.
2015 33RD STREET
EVERETT, WA 98201   (425) 258-2704

Case 16-15265-MLB    Doc 91    Filed 02/12/18    Ent. 02/12/18 14:26:00    Pg. 3 of 6

she clearly was not entitled to exempt. However, the trustee (Taylor), failed to object within 30 days of the 341 meeting. The court ruled "Taylor cannot contest the exemption at this time whether or not Davis had a colorable statutory basis for claiming it." *Id*. at 644. Only in dicta does the court address the potential consequences to debtors that claim exemptions they are not entitled to. And there is no award of sanctions against the debtor in *Taylor*.

*Taylor* does not stand for the proposition that debtors should be sanctioned for claiming exemptions that they are not entitled to. In fact, *Taylor* stands for the proposition that debtors may be rewarded for claiming exemptions that they are not entitled to.

This case was converted from Chapter 13 to Chapter 7 on June 15, 2017, the debtors filed amended schedules on July 5, 2017, and the creditors meeting occurred on July 11, 2017. The "Order to File Post-Conversion Schedules" docket 43 contains no date for when those documents are due. The debtors' amended schedules filed by the debtors on July 5, 2017 contained a statement signed by the debtors "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct". This meets the requirements for the order to file Post-Conversion Schedules.

Based on Mr. Klein's statement "So then you can't have a homestead if you're not living there." Exhibit C page 7-8, one might conclude that the issue is well settled. However, that is not the case. Some cases have held that the date of conversion controls as to what exemptions are available. However, *In re Weed*, 221 B.R. 256 (Bankr. NV 1998) notes that those cases were decided on the rational that exemptions must be determined on the date of conversion otherwise property acquired after commencement of the chapter 13 but before conversion to Chapter 7 would not be included in the Chapter 7 estate. *Weed*, at 258. Other cases have held that the facts

RESPONSE TO OBJECTION TO
HOMESTEAD EXEMPTION AND
MOTION FOR SANCTIONS - 4

LAW OFFICE OF KEN SCHNEIDER, P.S.
2015 33RD STREET
EVERETT, WA 98201   (425) 258-2704

Case 16-15265-MLB    Doc 91    Filed 02/12/18    Ent. 02/12/18 14:26:00    Pg. 4 of 6

in effect on the date of filing control. *See, In re Kuceris*, 557 B.R. 6 (Bankr. D. Mass. 2016).

After Mr. Klein's statement "So then you can't have a homestead if you're not living there." The debtors' attorney states "If Mr. Klein sells the property and gets money out of it, you can't exempt that. That would go to creditors." Exhibit C page 8. To which Mr. Good replies "It is what it is". Exhibit C page 8. The debtors did not make any misrepresentations to the Trustee. They relied on the information that the Trustee gave them. They were told that they were not entitled to a homestead exemption because they did not live in the property on the date of conversion and that if Mr. Klein sold the property the money would go to their creditors. They were not told that Mr. Klein's position was not necessarily correct, and they were not told that there were other exemptions may have been available to claim against the equity in the property.

There is no basis for sanctions in this case. The debtors did what they were supposed to do, they testified honestly at their 341 meeting, and they are only asserting their right to claim whatever exemption is available in the proceeds from the sale of the home. The Trustee did not do what he was supposed to do: 1) file an objection to the claimed homestead exemption, and 2) file a motion to sell supported by evidence. To sanction debtors in such a situation will put a chilling effect on debtors objecting to overzealous trustees.

The debtors should be allowed their claimed exemption in the equity in the property and the Trustee's request for sanctions should be denied. The Trustee should be allowed to sell the property if he can pay all the parties who have an interest in the property (including the debtors) and have money left over for unsecured creditors. If the trustee cannot sell the property for enough money to pay all parties having an interest in the property he should abandon it and close

RESPONSE TO OBJECTION TO
HOMESTEAD EXEMPTION AND
MOTION FOR SANCTIONS - 5

LAW OFFICE OF KEN SCHNEIDER, P.S.
2015 33RD STREET
EVERETT, WA 98201   (425) 258-2704

Case 16-15265-MLB    Doc 91    Filed 02/12/18    Ent. 02/12/18 14:26:00    Pg. 5 of 6

the estate.

Dated: February 6, 2018                    /s/ Ken Schneider
                                                  Attorney for the debtors
                                                  WSBA #22410

RESPONSE TO OBJECTION TO                  LAW OFFICE OF KEN SCHNEIDER, P.S.
HOMESTEAD EXEMPTION AND               2015 33RD STREET
MOTION FOR SANCTIONS - 6                   EVERETT, WA 98201  (425) 258-2704

Case 16-15265-MLB    Doc 91    Filed 02/12/18    Ent. 02/12/18 14:26:00    Pg. 6 of 6