THE HONORABLE MARC BARRECA
Chapter 7
Place: Marysville Municipal Court
Courtroom 1
1015 State Avenue
Marysville, WA 98270
Hearing Date: February 14, 2018
Time: 10:00 a.m.
Response Date: February 7, 2018

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

John Sullivan Good and Janice Broder Good,

Debtors.

Chapter 7

CASE NO. 16-15265

REPLY TO DEBTORS' REPONSE TO 1) OBJECTION TO HOMESTEAD EXEMPTION AND 2) MOTION FOR SANCTIONS

The undersigned trustee, Michael P. Klein, replies to the debtors' response to objection to homestead exemption as follows:

The debtors do not provide an explanation of why the "snap shot" rule should not be applied. It is telling that the debtors did not address the rule at all in their response. The 9th Circuit is clear of how the "snapshot" rule must be applied. It is the "*entire"* state law exemption statute that is applicable on the filing date. In re Jacobson, 676 F.3d 1193, 1199 (9th Cir. 2012). The debtors cannot just pick one provision of the homestead exemption statute and ignore the rest. The 9th Circuit rejects the permanent exemption argument and made clear that "Bankruptcy Code does not allow the [debtor] to invoke one part of the homestead exemption and ignore another part." Jacobsen at 1200. The homestead

REPLY TO DEBTORS' REPONSE TO
1) OBJECTION TO HOMESTEAD
EXEMPTION AND 2) MOTION FOR
SANCTIONS     - 1

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

exemption statute that the debtors are encouraging this court to ignore both RCW 6.13.010(1) and 6.13.050. RCW 6.13.010(1) makes it clear that a "homestead" is defined as "real or personal property that the owner <u>uses as a residence</u>.. . . . [emphasis supplied]" The debtors are not residing in residence. The property has been empty since April, 2017. RCW 6.13.050 makes it clear that "[a] homestead is presumed abandoned if the owner vacates the property for a continuous period of at least six months." The debtors have not provided any evidence, even a simple declaration that attempts to overcome the presumption.

      The <u>Jacobson</u> court even went out of its way to reject two lower 9th Circuit courts' reasoning to the contrary (In re <u>Seelin re </u>Herman, 120 B.R. 127 (BAP 1990) and bankruptcy court out of Oregon, In re Lane, 364 B.R. 760 (Bankr. D.Or. 2007)). The lower courts arguments that were rejected by the Jacobsen court are the same arguments that the debtor is trying to argue now. The debtor is trying to argue in this case that the date to determine when an exemption should be allowed and frozen is the bankruptcy petition date. That is not what <u>Jacobson</u> stands for. <u>Jacobson</u> is clear, if the debtor finds himself or herself not qualifying for an exemption during the bankruptcy, regardless of whether the debtor qualified on the date of filing, then the debtor loses the exemption. The debtors in this case are trying to read out the requirement that the debtor must continually reside in the residence. In addition, they have not addressed the presumption that they abandoned the property by not filing adeclaration of nonabandonment. .

      Contrary to what is being asserted by the debtors, the exact issue or issues were not addressed in the In re <u>Kurceris</u>, 557 B.R. 6 (Bankr.E.D.Mass 2016) case. It is not even close. The facts in the present case are basically the opposite and that is why the "snap shot" rule was not at issue. In the <u>Kurceris</u> case, the debtor resided in the homestead on the date of conversion, but did not reside in the property when the petition was filed. It would not make sense for the <u>Kurceris</u> trustee to argue that hat the

REPLY TO DEBTORS' REPONSE TO
1)  OBJECTION TO HOMESTEAD
EXEMPTION AND  2) MOTION FOR
SANCTIONS     - 2

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA  98110
(206) 842-3638

debtors had abandoned the property since the debtor was living in the subject property at the date of conversion. In this case, the debtors resided in the property on the date of filing, but not on the date of conversion.

Furthermore, it made a difference in the Kurceris case when the debtors filed their petition, but it should not make any difference in this case. What is key is that the debtors in this case are not now qualified to claim a homestead exemption because they are not living in the property, abandoned the property and even stated that they would not exempt the proceeds from the sale. The debtors in the Kurceris claim that the date of conversion controls because they resided in the home on the date of conversion and argued that is when the exemption statute controls. The undersigned trustee is not making the argument that the facts at the time of conversion controls or whether they control at the time filing. It does not matter because the 9th Circuit has made it clear that a debtor does not get a "permanent" exemption if there is a change in circumstances that does not comport with the entire exemption statute.

Furthermore, it is clear that the 9th Circuit would have held differently than the bankruptcy judge in the In re Kuceris case. Citing Myers v. Matley, 318 U.S. 622 S. Ct. 780, 87 L.Ed. 1043 (1943), the Jacobson court acknowledge that an Arizona debtor had the ability to file a homestead declaration after the filing of a bankruptcy. Jacobson at 1199. Furthermore, when applying Washington law, the 9th Circuit BAP has made it clear that a debtor has a right to defeat a potential sale by a trustee by filing a declaration of homestead post-filing. See In re Gitts, 116 B.R. 174 (BAP (Wash.)1990). Similarly, the debtors could have filed a declaration of nonabandonment.

At least one other bankruptcy court in the 9th Circuit has even held that it is possible for the debtor to cure an exemption claim disqualification post-petition. See In re Gilbraith, 523 B.R. 198 (Bankr.D. Ariz. 2014). The debtors in the Galbraith case claimed that they had an exemption in a

REPLY TO DEBTORS' REPONSE TO
1) OBJECTION TO HOMESTEAD
EXEMPTION AND 2) MOTION FOR
SANCTIONS    - 3

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Case 16-15265-MLB    Doc 95    Filed 02/21/18    Ent. 02/21/18 10:19:08    Pg. 3 of 5

qualified profit sharing plan and may have arguably lost it post-filing, but were able to make the corrections required retroactively. In this case, the debtors had the opportunity to move back into the home and rebut the presumption that they had not abandoned the property by filing a declaration of nonabandonment, but did not do so. They did the opposite. The debtors lulled the trustee into a false sense of security that they told him that they were not going to assert a homestead exemption even if the trustee sold the homestead.

The undersigned trustee did not miss the deadline to file an exemption. Contrary to what is being argued by the debtors, the declaration filed by the debtors on July 5, 2017 was insufficient. The July 5 declaration contains very restrictive language. It states that they had "read the summary and schedules <u>filed with this declaration</u> and that they are true and correct [emphasis provided]." However, Schedule C was not among the schedules that were filed. The debtors simply ignore the language of the June 15, 2017 order. The order specifically stated that they were required to file a completely new set of schedules or "a declaration under penalty of perjury <u>that there has been on change in the schedules</u>… [emphasis provided]" In this case, the debtors did not file an amended Schedule C or a declaration with the magic language that there had been no change to Schedule C. The experience of the undersigned trustee is that upon conversion from Chapter 13 to Chapter 7 it is common for debtors to file new schedules, a declaration, or a combination of both if there had been change to some but not all of the schedules. Since the debtors did not file what they were supposed to file, the time to object had not run. The time to object to a claimed exemption does not run until the debtor amends the schedules and a creditor entitled to notice is served with the amended schedules. In re Woodson, 839 F.2d 610, 616 - 617 (9th Cir. 1988).

REPLY TO DEBTORS' REPONSE TO
1) OBJECTION TO HOMESTEAD
EXEMPTION AND 2) MOTION FOR
SANCTIONS     - 4

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Case 16-15265-MLB    Doc 95    Filed 02/21/18    Ent. 02/21/18 10:19:08    Pg. 4 of 5

Furthermore, consistent with the "snap shot" rule, the debtors would have committed perjury if they had claimed that there was no change to Schedule C as it pertains to the homestead exemption. They would have been required to disclose they were not eligible for a homestead exemption because they resided elsewhere and abandoned the subject home.

The debtors should not be allowed to amend their exemptions to claim the federal exemptions. The debtors should be precluded from doing so based on the preclusive effect of res judicata and prejudice. See In re Romano, 378 B.R. 454, 463-464 and 465-468, respectively (Bankr. E.D. Penn. 2007). Nonetheless, it is probably premature to rule on any attempt at an amendment. An amendment has not been filed. Again, the time to object to a claimed exemption does not run until the debtor amends the schedules and a creditor entitled to notice is served with the amended schedules. Woodson at 616-617.

## CONCLUSION

Wherefore, the Trustee seeks an order denying the debtors a homestead exemption as noted above.

Dated this 21st day of February, 2018.

/s/Michael P. Klein
Michael P. Klein
Chapter 7 Trustee

### DECLARATION

The undersigned trustee has personal knowledge of the foregoing and proffers the foregoing factual assertions are true and correct under penalty of perjury.

Dated this 21st day of February, 2018.

/s/Michael P. Klein
Michael P. Klein

REPLY TO DEBTORS' REPONSE TO 1) OBJECTION TO HOMESTEAD EXEMPTION AND 2) MOTION FOR SANCTIONS - 5

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

Case 16-15265-MLB    Doc 95    Filed 02/21/18    Ent. 02/21/18 10:19:08    Pg. 5 of 5