Entered on Docket August 24, 2018

**Below is a Memorandum Decision of the Court.**



_____
**Marc Barreca**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

John Sullivan Good and Janice Broder Good,

Debtors.

Case No. 16-15265-MLB

**MEMORANDUM DECISION**

## INTRODUCTION

This matter is before me on the Motion for Order Directing Trustee to Disburse Funds ("Motion to Disburse") filed by John and Janice Good ("Debtors"). The Debtors seek disbursement of sale proceeds based on their homestead exemption. Michael Klein, the Chapter 7 Trustee ("Trustee"), objects to disbursement on the grounds that the funds are subject to a one-year reinvestment condition under Washington's homestead statute. The Trustee asserts that he should be permitted to retain possession of the funds up until the Debtors contract for a new residence, and that the Trustee should only be required to disburse the funds upon closing. I continued hearing on the Motion to Disburse to allow the parties to brief whether the one-year reinvestment condition applies to homestead proceeds from a bankruptcy sale. Having considered the pleadings and arguments of counsel, and otherwise being fully advised, I grant the Motion to Disburse.

**Below is a Memorandum Decision of the Court.**

## BACKGROUND

The Debtors filed a Chapter 13 petition on October 18, 2016. On their Schedule C, the Debtors claimed a Washington state law exemption of $125,000 in real property located at 19610 207th Ave SE, Snohomish, Washington ("Homestead Property"). After confirmation of their Chapter 13 plan, the Debtors moved out of the Homestead Property. The case was subsequently converted to Chapter 7 on June 15, 2017, following a change in the Debtors' financial circumstances. The Trustee moved to sell the Homestead Property, indicating that he believed the Debtors were not entitled to their previously claimed exemption. The Debtors objected to the sale motion on grounds that the Trustee did not intend to pay the claimed exemption.

While the sale motion was pending, the Trustee filed an objection to the Debtors' homestead exemption, asserting among other arguments that the Debtors' lost their right to the exemption by abandoning the Homestead Property post-petition. The Debtors eventually agreed to sale of the Homestead Property provided that the Trustee hold the proceeds subject to further court order, including a decision regarding the objection to the Debtors' homestead exemption. I approved the sale motion and took the exemption objection under advisement. I subsequently overruled the Trustee's objection, and the Trustee appealed.[1] While the appeal was pending, the Debtors filed the Motion to Disburse, seeking distribution of the homestead exemption in the amount of $64,549.95.[2] I construed the Trustee's response to the Motion to Disburse in part as a motion for stay pending appeal and in part as a substantive objection to disbursement based on the requirements of RCW 6.13.070(1). I subsequently granted stay pending appeal and took the substantive objection under further advisement.

---

[1] The present decision does not affect any of the matters on appeal and is limited to the issue of whether homestead proceeds from a bankruptcy sale in Washington are subject to the one-year reinvestment condition under RCW 6.13.070(1).
[2] The parties agree that $64,549.95 is the amount of proceeds remaining after payment of senior encumbrances and costs of sale.

MEMORANDUM DECISION - 2

**Below is a Memorandum Decision of the Court.**

**ANALYSIS**

Under 11 U.S.C. § 522(b)(2)[3], each state may "opt out" of the federal exemption scheme and limit its residents to the state-created exemptions. Washington has not "opted out," and therefore a debtor in Washington may choose either the exemptions afforded under state law or the federal exemptions under § 522(d). The Debtors have selected the Washington exemption scheme and have claimed a homestead exemption under RCW 6.13 *et seq*.

The Trustee contends that, under RCW 6.13.070(1), bankruptcy sales are voluntary and that the proceeds remain exempt *only* if reinvested within twelve months of receipt. The Trustee alternatively contends that if bankruptcy sales are construed to be forced sales under RCW 6.13.070(1), the Debtors are not entitled to an exemption in the sale proceeds.

**I. Washington's "Sunset Provision" Only Applies to Voluntary Sales.**

In Washington, homestead and exemption statutes are favored in law and should be liberally construed. *Lien v. Hoffman*, 49 Wn.2d 642, 649, 306 P.2d 240 (1957). Like some other states within the Ninth Circuit, Washington's homestead statute contains a reinvestment requirement for proceeds of certain sales of homestead property. Such restrictions are commonly referred to as "sunset provisions." *See e.g.*, *In re Combs*, 166 B.R. 417, 420 (Bankr. N.D. Cal. 1994). Based on a plain reading of the statute, the "sunset provision" only applies to voluntary sales. RCW 6.13.070(1) provides:

> (1) Except as provided in RCW 6.13.080, the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030. The *proceeds of the voluntary sale* of the homestead in good faith for the purpose of acquiring a new homestead, and proceeds from insurance covering destruction of homestead property held for use in restoring or replacing the homestead property, up to the amount specified in RCW 6.13.030*, shall likewise be exempt for one year from receipt, and also such new homestead acquired with such proceeds.*

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C §§ 101-1532.

MEMORANDUM DECISION - 3

RCW 6.13.070(1) (emphases added).

The "sunset provision" is provided for in the second sentence of the above-paragraph, which concerns the proceeds of a voluntary sale. Forced sales are referenced in the first sentence of RCW 6.13.070(1), which provides that the homestead is exempt "from execution or forced sale" up to $125,000, with certain exceptions. Generally, a valid homestead exemption prevents an execution sale only when the owner's equity in the property is less than or equal to the homestead exemption amount. RCW 6.13.160. The statutory requirements for an execution sale of homestead property are addressed in RCW 6.13.100-200. These provisions are often referred to as the "excess value" statutes. *See e.g.*, *Washington Credit, Inc. v. Houston*, 33 Wn. App. 41, 42, 650 P.2d 1147 (1982).

Washington's statutory scheme also exempts the proceeds of a forced sale. RCW 6.13.170 provides:

> **Application of proceeds.** If the [excess value] sale is made, the proceeds must be applied in the following order: First, to the amount of the homestead exemption, to be paid to the judgment debtor; second, up to the amount of the execution, to be applied to the satisfaction of the execution; third, the balance to be paid to the judgment debtor.

RCW 6.13.170; *see also Wilson Sporting Goods Co. v. Pedersen*, 76 Wn. App. 300, 306, 886 P.2d 203 (1994) ("Following [Washington's] policy of protecting homesteads, the Legislature has required that a determination be made that there is indeed excess value [beyond the homestead exemption] before the lien is actually executed."); *Washington Credit, Inc.*, 33 Wn. App. at 42 ("The 'excess value' statutes allow a creditor to reach only the value of the property in excess of the… homestead exemption.").

There does not appear to be state law authority supporting the proposition that the one-year reinvestment restriction applies to forced sales. To the contrary, the scant caselaw discussing the one-year restriction appears to limit its application to voluntary sales. In the seminal case, *Becher v. Shaw*, 44 Wash. 166, 87 P. 71 (1906), the Washington Supreme Court held that the proceeds of a voluntary sale by a judgment debtor were exempt for a reasonable time where the judgment debtor sold his residence with the intent to acquire a new homestead. *Id*. at 169. This 1906 decision became the foundation for

Washington's "sunset provision." *See Lien*, 49 Wn.2d at 648. Notably, when analyzing the substantially similar provisions of Washington's prior homestead statute, the *Becher* court distinguished the treatment of proceeds in an execution sale from the proceeds of a voluntary sale. *See Becher*, 44 Wash. at 169 ("We are inclined to agree with the appellant that section 5233… has no application to the proceeds of a voluntary sale…").[4] Then addressing the proceeds of a voluntary sale, the *Becher* court established the temporal restriction which eventually became codified in RCW 6.13.070(1). *See Lien*, 49 Wn.2d at 648 ("[T]he present statute specifically exempts, for a period of one year, the proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead. Thus, the holding of the *Becher* case is now statutory.") (internal quotations omitted); *see also* Washington Real Property Deskbook, 4th ed. (2009), § 10.3(3) ("No time limit exists on the protection given to the proceeds that are returned to the judgment debtor after such an involuntary sale. This contrasts with the protection for reinvestment in a replacement homestead given to the proceeds of a voluntary sale.").

Given Washington's established policy of construing its homestead statute liberally in favor of the debtor, I will not interpret Washington's "forced sale" homestead law to include a "sunset provision" where one does not exist. I therefore conclude that the one-year reinvestment condition in RCW 6.13.070(1) does not apply to forced sales.

**II. Bankruptcy Sales are "Forced Sales" for Purposes of RCW 6.13.070(1).**

When applying state homestead laws, courts within the Ninth Circuit have frequently construed bankruptcy sales to be forced sales. *See e.g.*, *Bencomo v. Avery (In re Bencomo)*, 2016 Bankr. LEXIS 2901, at *20-21 (9th Cir. BAP Aug. 8, 2016); *In re Cole*, 93 B.R. 707, 709 (9th Cir. BAP 1988); *Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 195 (9th Cir. BAP 2014); *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 334 (9th Cir. BAP 2016).[5]

---

[4] Section 5233 refers to § 548 (5233), Rem. & Bal. Code, Wash., which provides "**Application of Proceeds.** If the [excess value execution] sale is made, the proceeds thereof, to the amount of the homestead exemption, must be paid to the claimant and the balance applied to the satisfaction of the execution." This provision appears to be the predecessor to RCW 6.13.170.

[5] Unlike Washington's homestead statute, the "sunset provisions" in California, Arizona and Oregon are applicable to forced sales. *See* Cal. Code Civ. Proc. § 704.720(b); Ariz. Rev. Stat. § 33-1101(C); Or. Rev. Stat. 18.395(2).

MEMORANDUM DECISION - 5

**Below is a Memorandum Decision of the Court.**

Washington's homestead statute does not define the term "voluntary sale" or "forced sale." The Washington Supreme Court, however, has explained the difference:

> [A forced sale is] a transaction in which there is an element of compulsion on the part of either the seller of the buyer. If the element of compulsion is based upon purely economic reasons, the sale is generally considered voluntary… Where, however, a seller or buyer is forced to act under a decree, execution or something more than mere inability to maintain the property, the element of compulsion is based upon legal, not economic factors…

*Felton v. Citizens Fed. Sav. & Loan Ass'n of Seattle*, 101 Wn.2d 416, 422, 679 P.2d 928 (1984) (quoting *State v. Lacey*, 8 Wn. App. 542, 549, 507 P.2d 1206 (1973)). In *Felton*, the Washington Supreme Court held that a nonjudicial foreclosure was a voluntary sale because the homeowner consented to legal process upon signing the deed of trust. *Felton*, 101 Wn.2d at 423.

The Trustee asserts that a bankruptcy sale is akin to the nonjudicial foreclosure in *Felton* and therefore the bankruptcy sale should be construed as voluntary for the purpose of applying the homestead statute. The Ninth Circuit Bankruptcy Appellate Panel addressed a similar argument in *Jefferies v. Carlson (In re Jeffries)*, 468 B.R. 373 (9th Cir. BAP 2012). In *Jeffries*, the court held that the transfer of homestead property pursuant to a dissolution decree was a "forced sale," even though the debtor had previously consented to the transfer. *Id.* at 379-80. The *Jeffries* court distinguished *Felton* on the basis that the dissolution decree created legal compulsion, an element not present in a nonjudicial trustee sale according to the *Felton* decision. *Id.* In reaching its conclusion, the *Jeffries* court determined that regardless of the debtor's prior consent, the dissolution decree was the operative document that "triggered the Debtor's obligation to transfer the Residence" and therefore constituted legal compulsion. *Id.* at 379.

Unlike nonjudicial foreclosures, bankruptcy sales require court involvement. *See* § 363(b); *see also Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005) (Bankruptcy courts are ultimately responsible for approving § 363 sales). Like the dissolution decree in *Jeffries*, the Trustee's sale of the Homestead Property was legally compelled. Even though the Debtors

MEMORANDUM DECISION - 6

eventually acquiesced to the sale, the sale was compulsory as it was made pursuant to court order and was therefore a forced sale under the definition set forth in *Felton*. Furthermore, the bankruptcy trustee, as a representative of the bankruptcy estate, is vested with the rights and powers akin to a hypothetical judgment lien creditor. *See Bencomo*, 2016 Bankr. LEXIS at *15-16; *see also* § 544(a)(1) and (2). Any sale initiated by the Trustee, therefore, is more analogous to an execution sale under Washington's "excess value" provisions and therefore should be construed as a forced sale.

The Trustee alternatively argues, citing *Jeffries*, that if a bankruptcy sale is a forced sale, then the Debtors are not entitled to a homestead exemption in sale proceeds under Washington law. The Trustee is correct that the *Jeffries* court upheld denial of a homestead exemption after concluding that the transfer of property was a forced sale under RCW 6.13.070(1). *See Jeffries*, 468 B.R. at 380. However, the court offered no legal support or analysis as to why the proceeds of a forced sale would be ineligible for an exemption, given the express terms of RCW 6.13.170. I acknowledge that *Jeffries* involved a different factual setting and did not address whether bankruptcy sales are forced sales under the Washington homestead statute. However, to the extent the decision in *Jeffries* stands for the proposition that the proceeds of a forced sale are not exempt under Washington law, I disagree. The "excess value" provisions in RCW 6.13.100-200 specifically provide for distribution to the "judgment debtor" ahead of lien creditors.[6] This statutory framework would be meaningless if homestead proceeds from a forced sale were not entitled to an exemption.

For these reasons, I conclude that a bankruptcy sale of homestead property is a forced sale within the meaning of RCW 6.13.070(1) and that the proceeds are exempt pursuant to RCW 6.13.160-180.

---

[6] RCW 6.13.180 provides "**Money from sale protected.** The money paid [from the forced sale] to the owner is entitled to the same protection against legal process and the voluntary disposition of the other spouse or other domestic partner which the law gives to the homestead." Although not directly addressing the reach of judgment creditors to sale proceeds, the provision is also consistent with the statute's overall protection of "forced sale" proceeds.

MEMORANDUM DECISION - 7

## CONCLUSION

In sum, I conclude that the one year reinvestment condition under RCW 6.13.070(1) does not apply to the proceeds of the Trustee's sale. The Debtors' Motion to Disburse is therefore GRANTED. However, because I have previously granted the Trustee's motion for stay pending appeal, the exempt proceeds will remain with the Trustee pending further court order.

/ / / End of Order / / /